UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF NEW YORK
------------------------------------------x
HASKELL BROWN,

                Plaintiff,                        **MEMORANDUM AND ORDER**
                                                                  25-CV-4075 (OEM) (PK)
    -against-

DOMSCO MOTORS LLC; ALLY FINANCIAL
INC.; ALLY BANK; ALLY SERVICING LLC,

                Defendants.
------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

On July 22, 2025, *pro se* Plaintiff Haskell Brown ("Plaintiff") filed this action in connection with an automobile financing transaction. Complaint, ECF 1. This is Plaintiff's second action in this Court regarding the same claims and factual allegations.[1] *See Brown v. Domsco Motors LLC et al*, 25-CV-2081 (OEM) (PK) (E.D.N.Y. 2025) ("*Brown I*"). As with his prior action, Plaintiff did not pay the filing fee to commence this action and instead filed an application to proceed *in forma pauperis* ("IFP"), in which he also attaches the same affidavit of financial status that he had submitted in support of his IFP application in *Brown I*. ECF 2. Because Plaintiff has not established that he is unable to pay the filing fee, his request to proceed IFP is denied. Plaintiff is granted 14 days from the date of this order to pay the filing fee or to file a Long Form IFP application.

Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350 plus an administrative fee of $55, for a total of $405. Under 28 U.S.C. § 1915, the Court may waive the filing fees upon finding a plaintiff indigent. The IFP statute is "intended for the benefit of those too poor to pay or give security for costs[.]" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344

---

[1] On April 9, 2025, Plaintiff filed the same complaint in *Brown I*. By Order dated May 2, 2025, Plaintiff's request to proceed IFP was denied because Plaintiff did not establish that he was unable to pay the filing fee, and he was directed to pay the filing fee or submit a long-form IFP application by May 16, 2025. Order Denying IFP Application, *Brown I*, ECF 4. When Plaintiff failed to do so in the time allowed, the action was dismissed without prejudice on June 3, 2025.

(1948). The statute is designed to ensure "that indigent persons have equal access to the judicial system." *Davis v. NYC Dept. of Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citation omitted). A plaintiff seeking to proceed IFP must submit an affidavit stating "all assets" they possess and "that the person is unable to pay" filing fees "or give security therefor." 28 U.S.C. § 1915(a)(1). Section 1915 authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue," 28 U.S.C. § 1915(e)(2)(A); *Miller v. Smith*, 21-CV-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021).

"When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, 22-CV-664, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022).

Plaintiff, a warehouse worker who resides in South Dakota, states in his short form IFP application that he receives $2,000 in gross wages and $1,600 in take-home pay every two weeks. ECF No. 2 at 1. However, he does not provide the name of his employer. *Id.* ("employer's name and address are Not Applicable."). Plaintiff further states that he has $137.42 in his bank accounts and that he owns a Toyota Rav 4 which is the subject of this civil action. *Id.* at 2. On the other side of the ledger, Plaintiff lists monthly expenses totaling $2,667. *Id.* Plaintiff states that he supports two minor children but has no outstanding debts other than the Toyota Rav 4 car loan. *Id.*

This is inconsistent with the information he provided in his IFP application in his prior action, *Brown I*, that Plaintiff attaches to his IFP motion in this action. *Compare* IFP Motion in *Brown I*, ECF 2, with IFP Motion, ECF 2 at 3-6. For example, in his prior IFP, Plaintiff stated that his monthly income was "[l]ess than $1200 (irregular)," that he did not own no motor vehicles, that he held "financial assets in escrow . . . that are earmarked for[unspecified] post-resolution obligations," and that he had credit card and personal loan debt of $6800. IFP Motion in *Brown I*, at 5.

Based on this information, the Court is unable to find that Plaintiff is entitled to proceed IFP.

Accordingly, the Court directs Plaintiff to complete the Long Form IFP application[2] or to pay the $405 filing fees to the Clerk of Court of the Eastern District of New York within 14 days from the date of this Order if he wishes to proceed with this lawsuit. If Plaintiff fails to submit a completed Long Form application to proceed IFP or to remit the filing fees within the time allowed, the action shall be dismissed without prejudice.

The Clerk of Court is requested to send copies of this order to Plaintiff, along with a Long Form IFP application, and to note mailing on the docket.

SO ORDERED.

       /s/
ORELIA E. MERCHANT
United States District Judge

September 19, 2025
Brooklyn, New York

---

[2] Fillable form available at https://www.nyed.uscourts.gov/pro-se-forms.